

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 13, 1973

Honorable Alton R. Griffin
District Attorney
Lubbock County Courthouse
Lubbock, Texas 79401

Opinion No. H- 83

Re:     Effect of Senate Bill
        123, 63rd Leg., upon
        the jurisdiction of the
        Texas Youth Council
        over 18 year olds

Dear Mr. Griffin:

Your letter asks:

> "The question arises as to whether or not
> the Texas Youth Council loses its present power
> to order reconfinement of a child after the child
> has attained his eighteenth (18) birthday. A further
> question will also arise as to whether or not the
> Texas Youth Council would have to order the re-
> lease of any person reconfined prior to September
> 1, 1973, if that person is eighteen (18) years or
> older."

Generally the Texas Youth Council is governed by the provisions of Article 5143d, V. T. C. S. The Act provides in its § 31: "Every child committed to the Youth Council as a delinquent, if not already discharged, shall be discharged from custody of the Youth Council when he reaches his twenty-first birthday."

Senate Bill 111, Title 3 of the Family Code, V. T. C. S., effective September 1, 1973, provides in § 54.04 for a hearing to determine the disposition to be made of each case after the adjudication hearing. The alternatives available to the court cover a wide range and include commission or commitment to the Texas Youth Council. Section 54.05(b) of Title 3 provides: "All dispositions automatically terminate when the child reaches his eighteenth birthday."

It is therefore our opinion, in answer to your questions, that upon the effective date of Senate Bill 111 the Youth Council will lose its power to order reconfinement of a child after the child has attained his eighteenth birthday. Further, we are of the opinion that any child presently in the custody of the Youth Council who will have attained his eighteenth birthday on or before August 27, 1973, should be released upon the effective date of Senate Bill 123.

Senate Bill 123, which becomes effective August 27, 1973, reads (in part):

> "Section 1. The purpose of this Act is to extend all the rights, privileges, and obligations of majority to all persons who are at least 18 years of age. It shall be construed liberally to accomplish that purpose.
>
> "Sec. 2. Notwithstanding any statutory or decisional law, or any rule, regulation, or ordinance of this state or of any political subdivision or incorporated city or town of this state, a person who is at least 18 years of age has all the rights, privileges, and obligations of a person who is 21 years of age. A law, rule, regulation, or ordinance which extends a right, privilege, or obligation to a person on the basis of a minimum age of 21, 20, or 19 years shall be interpreted as prescribing a minimum age of 18 years."

The right to be released upon the attainment of 21 years of age would appear to be a right based upon a minimum age (reaching a majority) and, thus, under Senate Bill 123, will be available to person aged 18 after August 27, 1973. See Attorney General Opinion H-82 (1973).

## SUMMARY

Upon the effective date (September 1, 1973) of Senate Bill 111, 63rd Leg., R.S. (Title 3 of the Family Code), the Texas Youth Council will lose its power to

order reconfinement of a child after the child has reached his eighteenth birthday. Any child confined with the Youth Council who will have attained his eighteenth birthday on or before August 27, 1973, should be released on that date -- the date upon which Senate Bill 123, 63rd Leg., R.S., emancipates persons 18 years old from disabilities of legal infancy.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee